```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**LYNN LEE BALL,**

                    **Plaintiff,**

        v.                                      CASE NO.11-3209-SAC

**SANDY HORTON, et al.,**

                    **Defendants.**

## O R D E R

Before the court is a complaint seeking relief under 42 U.S.C. § 1983 filed pro se by Lynn Lee Ball, a prisoner confined in a Kansas correctional facility.  Also before the court is Ball's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    *In Forma Pauperis, 28 U.S.C. § 1915*

Ball must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, he is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from his inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding

the date of filing of a civil action.  Having examined the limited records provided, the court assesses an initial partial filing fee of $13.50, twenty percent of the average monthly deposit to Ball's account, rounded to the lower half dollar.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because Ball is a prisoner plaintiff, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A party proceeding pro se, however, still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id*. at 555.

In the present action, Ball states he sustained third degree burns on his legs in February 2010 when a hot coffee container exploded at the Crawford County Jail. Ball acknowledges that medical treatment including hospitalization was provided for his injury. Ball further states the insurer for Crawford County refuses

to pay Ball's medical bills or to compensate Ball for his injuries. Ball filed the instant action to seek damages from the Crawford County Sheriff and all jail shift supervisors, arguing they are responsible for protecting his safety and ensuring that all safety rules are being followed at the jail.

Having reviewed the complaint, the court finds it is subject to being summarily dismissed because no claim is presented upon which relief can be granted under § 1983.

"Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir.2008). Here, Ball's allegations present no plausible claim of being subjected to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments. Rather, his allegations sound in common law tort for which relief is available in the state courts. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law); *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) (although harm may be caused by state actor, § 1983 does not turn fourteenth amendment into fount of tort law that supersedes existing tort actions under state law).

Additionally, Ball does not allege that any defendant personally participated in the wrong being alleged, and Ball may not rely on the doctrine of respondeat superior in seeking relief under § 1983 by virtue of a defendant's supervisory position. *Rizzo v. Goode*, 423 U.S. 362 (1976)(supervisor status alone is insufficient

to support liability under § 1983); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.")(quotation marks and citation omitted).

Ball is therefore directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief under § 1983.  28 U.S.C. § 1915(e)(2)(B)(ii).[1]  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further prior notice.

IT IS THEREFORE ORDERED that Ball's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to Ball submitting within thirty (30) days an initial partial filing fee of $13.50.  Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that Ball's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that Ball is granted thirty (30) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this order shall be mailed to Ball and to the Centralized Inmate Banking office for the Kansas Department of

---

[1]Ball is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Corrections.

**IT IS SO ORDERED.**

DATED:  This 16th day of December 2011 at Topeka, Kansas.


                                             s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge