IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYNN LEE BALL,

                Plaintiff,

    v.                                    CASE NO.11-3209-SAC

SANDY HORTON, et al.,

                Defendants.

## O R D E R

Plaintiff, a prisoner now confined in a Kansas correctional facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff cites extensive burns to his legs when a hot coffee container exploded at the Crawford County Jail. On December 16, 2011, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief under § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii), finding plaintiff's allegations presented no plausible claim of deliberate indifference by any defendant to plaintiff's safety or medical needs.

In response, plaintiff expands his allegations to state that kitchen personnel are responsible for maintaining equipment is a safe and secure manner, and that kitchen supervisors allowed unsafe

containers to leave the kitchen area in direct violation of jail policy and procedures. Plaintiff further states jail officers were aware from prisoner complaints that the containers were not safe, but failed to take any action. Plaintiff broadly contends that Sheriff Horton was grossly negligent in supervising subordinates, and that the Sheriff and unnamed supervisory personnel allowed a continuing violation of jail policy for safe kitchen equipment. Plaintiff also reasserts the insurance company for the county defendants has refused to pay plaintiff's medical bills.

Having examined the record, the court continues to find plaintiff's allegations of gross negligence and violation of jail policy do not support liability under § 1983.

To assert an actionable Eighth Amendment claim, a plaintiff must allege sufficient facts to plausibly establish that the challenged conduct was "sufficiently serious," and that defendants acted with "deliberate indifference" to prisoner safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A showing of "deliberate indifference" requires a higher degree of fault than negligence or gross negligence. See *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1495-96 (10th Cir.1990). While plaintiff's claim of inattention to inmate complaints about kitchen equipment and the fact that an accident occurred might implicate a duty of care for purposes of seeking tort relief in the state courts, it is insufficient to plausibly establish a claim of intentional disregard to a known or obvious risk to plaintiff's safety.

IT IS THEREFORE ORDERED that Ball is granted leave to proceed in forma pauperis in this civil action, and that payment of the remainder of the $350.00 district court filing fee is to proceed as

authorized by 28 U.S.C. § 1915(b)(2).

    IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii).

    **IT IS SO ORDERED.**

    DATED:  This 12th day of June 2012 at Topeka, Kansas.


                                            s/ Sam A. Crow  
                                            SAM A. CROW  
                                            U.S. Senior District Judge